20-4235-cv
Elof Hansson USA Inc. v. Santiago

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

PRESENT:   ROSEMARY S. POOLER,
           RAYMOND J. LOHIER, JR.,
           WILLIAM J. NARDINI,
                *Circuit Judges*.

-----------------------------------------------------------------

ELOF HANSSON USA INC.,

  *Plaintiff-Appellee*,

  v.                                          No. 20-4235-cv

EDGAR SANTIAGO,

  *Defendant-Appellant*.*

-----------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLEE: WILLIAM D. HUMMELL, Kucker Marino Winarsky & Bittens, LLP, New York, NY

FOR DEFENDANT-APPELLANT: JOSHUA M. LURIE, Lurie|Strupinsky, LLP, Hackensack, NJ

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Edgar Santiago appeals from the November 24, 2020 judgment of the United States District Court for the Southern District of New York (Briccetti, J.) entered in favor of Santiago's former employer, Elof Hansson USA Inc. ("Elof"), following a four-day bench trial. Elof is a subsidiary of a Swedish company that facilitates trading of forest products, and Santiago served as its Vice President and Division Manager, among other roles. After finding Santiago liable for stealing money from Elof from 2015 until 2017 by receiving secret kickbacks from a sourcing agent to whom Elof paid a commission, the District Court ordered Santiago to repay Elof more than one million dollars in damages. On appeal,

Santiago asks us to vacate the judgment and remand for a new trial. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**I.     The District Court's Examination of Santiago**

First, Santiago argues that the District Court deprived him of a fair trial by improperly interrogating him on the witness stand. Federal Rule of Evidence 614(b) provides that "[t]he court may examine a witness regardless of who calls the witness." Fed. R. Evid. 614(b). A trial court "has considerable discretion in conducting any interrogation under Fed. R. Evid. 614(b)," United States v. Agajanian, 852 F.2d 56, 58 (2d Cir. 1988), although "[t]he authority is, of course, abused when the judge abandons his proper role and assumes that of advocate," Fed. R. Evid. 614(b) advisory committee's note. "In reviewing a challenge to a trial judge's conduct, we determine not . . . whether some comments would have been better left unsaid, but whether the judge's behavior was so prejudicial that it denied a party a fair, as opposed to a perfect, trial." Shah v. Pan Am. World Servs., Inc., 148 F.3d 84, 98 (2d Cir. 1998) (quotation marks omitted).

Rule 614(c), in turn, "provides that objections to the interrogation of witnesses by the court are to be made at the time or at the next available opportunity when the jury is not present." United States v. Vega, 589 F.2d 1147, 1153 (2d Cir. 1978) (quotation marks omitted). A failure to timely object to a judge's questioning effects a "waiver of the issue on appeal," id. at 1152, unless there was plain error, see Warren v. Pataki, 823 F.3d 125, 138 (2d Cir. 2016); United States v. Filani, 74 F.3d 378, 387 (2d Cir. 1996).

Throughout the bench trial, the District Court actively questioned witnesses for both sides. When Santiago testified, Judge Briccetti interrogated him at length and challenged his credibility, including with statements such as "I honestly don't believe you," App'x 566, and "what a tangled web we weave when we practice to deceive," id. at 584. Santiago did not object to Judge Briccetti's questioning of him at any point during the trial. We therefore review for plain error.

In determining whether Judge Briccetti's questions fell within permissible bounds, we recognize that judges are afforded more latitude in their questioning during bench trials. See Shah, 148 F.3d at 101; United States v. Aaron, 190 F.2d

4

144, 146 (2d Cir. 1951). Judge Briccetti's interrogation of Santiago during the bench trial was not "so prejudicial that it denied [Santiago] a fair, as distinguished from a perfect, trial." United States v. Robinson, 635 F.2d 981, 984 (2d Cir. 1980). Nor did the questioning indicate that Judge Briccetti was impermissibly biased against Santiago in such a way as to otherwise affect the integrity of the proceedings. Instead, the questions reflect that the District Court was acting as a factfinder and evaluating the testimony and evidence presented. With these principles in mind, we find no plain error in the District Court's examination of Santiago.

## II.    **The Applicable Standard of Proof**

Santiago next argues that the District Court applied the wrong standard of proof at trial. The District Court found that Elof proved the following claims by a preponderance of the evidence: violation of the duty of fidelity and undivided loyalty (count two); breach of fiduciary duty (count three); faithless servant (count four); conversion (counts five, six, and seven); replevin (count nine); and unjust enrichment (count ten). Santiago argues that Elof should have been required to prove each cause of action by clear and convincing evidence rather

5

than by a preponderance of the evidence.

We have diversity jurisdiction over this case, which involves only New York causes of action. "[U]nder our diversity jurisdiction, we are obligated to apply [to the New York causes of action] New York's standard of proof." DiBella v. Hopkins, 403 F.3d 102, 111 (2d Cir. 2005). It is undisputed that under New York law, non-fraud civil claims generally may be proved by a preponderance of the evidence. See People v. Gillotti, 23 N.Y.3d 841, 863 (2014). Fraud claims, by contrast, "must be proved by clear and convincing evidence." Ferreyra v. Arroyo, 35 N.Y.3d 127, 128 (2020) (quotation marks omitted). Santiago acknowledges that Elof's causes of action were "not fraud claims, per se." Appellant Reply Br. 19. Santiago nevertheless contends that Elof's claims involve allegations of fabrication or falsification that "sound[] in fraud," Appellant's Br. 39, and he relies on federal cases that apply heightened standards to "claims [that] are premised on allegations of fraud" even if they are not "styled or denominated as fraud," Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004). Because we agree with the District Court that there was "overwhelming" evidence of Santiago's culpability, Special App'x 22, we need not resolve

6

whether New York law applies a heightened standard of proof to non-fraud claims that sound in fraud; instead, we conclude that Elof was entitled to judgment in its favor "even if a 'clear and convincing' standard applies." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002) (declining to decide whether a heightened standard of proof was necessary for a motion for summary judgment on non-fraud claims because there was sufficient evidence to meet the higher standard).[1]

### III.     Motion for Directed Verdict under FRCP 52(c)

Finally, Santiago argues that Elof failed to prove its allegations and the District Court thus erred in denying his motion for a directed verdict under Federal Rule of Civil Procedure 52(c). We disagree. "A district court must deny a motion for judgment as a matter of law [or a motion for a directed verdict under Rule 52(c)] unless, viewed in the light most favorable to the nonmoving party, the evidence is such that . . . there can be but one conclusion as to the verdict that reasonable persons could have reached." Cruz v. Loc. Union No. 3

---

[1] We note that none of the cases Santiago cites indicate that the standard of proof for these claims under New York law is clear and convincing evidence.

7

of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1154–55 (2d Cir. 1994) (quotation marks omitted). At the close of Elof's case, the District Court correctly found that, although there was "no direct evidence" of Santiago receiving kickbacks, App'x 450, there was "definitely evidence in the record from which the conclusion could be drawn that" Santiago participated in a kickback scheme, App'x 458. Under those circumstances, we find no error in the District Court's decision to "decline to render a judgment until the close of . . . all of the evidence," after the defense presented its evidence, and accordingly to deny Santiago's Rule 52(c) motion. App'x 460.

We have considered Santiago's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court